**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| ANTHONY BICKLEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:17-cv-1966-ACL |
| | ) | |
| MATTHEW FARRAR, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court for review of plaintiff's complaint pursuant to 28 U.S.C. §

1915(e)(2). Plaintiff, a prisoner, originally filed the instant complaint in the Western District of

Missouri. On July 13, 2017, that Court provisionally granted plaintiff leave to proceed in forma

pauperis, and transferred the case here on the basis of venue, inasmuch as the acts giving rise to

the complaint occurred within this judicial district. This Court will allow plaintiff to proceed in

forma pauperis, and will assess an initial partial filing fee of $1.00. In addition, plaintiff will be

given the opportunity to submit an amended complaint.

### Legal Standard on Initial Review

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed *in forma*

*pauperis* if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. A

pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause

of action will not do," nor will a complaint suffice if it tenders "naked assertion[s]" devoid of

"further factual enhancement." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*quoting Bell*

*Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

When conducting initial review pursuant to § 1915(e)(2), the Court must accept as true the allegations in the complaint, and must give the complaint the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). However, the tenet that a court must accept the allegations as true does not apply to legal conclusions, *Iqbal*, 556 U.S. at 678, and affording a *pro se* complaint the benefit of a liberal construction does not mean that procedural rules in ordinary civil litigation must be interpreted so as to excuse mistakes by those who proceed without counsel. *See McNeil v. U.S.*, 508 U.S. 106, 113 (1993). Even *pro se* complaints are required to allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980); *see also Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004) (federal courts are not required to "assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint").

### Discussion

Plaintiff brings this action pursuant to 42 U.S.C. § 1983. Named as defendants are police officers Matthew Farrar and Kenneth Moberly. Plaintiff sues both defendants in their official and individual capacities. Plaintiff's claims appear to relate to actions the defendants took when responding to a call about a domestic dispute.

The complaint violates Rule 8(a) of the Federal Rules of Civil Procedure, which requires (in relevant part) that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." The complaint is a long narrative that brims with irrelevant and extraneous statements, legalese, and conclusory statements. It is also not entirely legible. Discerning plaintiff's claims would require the Court to excavate through the complaint and pick them out, something this Court will not do. The Federal Rules of Civil Procedure require litigants to formulate their pleadings in an organized and comprehensible manner. Civil

plaintiffs are required to set out not only their alleged claims in a simple, concise, and direct manner, but also the facts supporting such claims as to each named defendant. Even *pro se* litigants are obligated to plead specific facts and abide by the Federal Rules of Civil Procedure. *See McNeil v. U.S.*, 508 U.S. 106, 113 (1993).

Because plaintiff is proceeding *pro se*, the Court will give him an opportunity to file an amended complaint. In so doing, plaintiff must follow Rules 8 and 10 of the Federal Rules of Civil Procedure. Also, he should only include claims that arise out of the same transaction or occurrence, in accordance with Rules 18 and 20 of the Federal Rules of Civil Procedure. If plaintiff wants to pursue additional claims that relate to different transactions or occurrences, he must file each such claim as a new civil action on a separate complaint form, and either pay the filing fee or file a motion for leave to proceed in forma pauperis. Alternatively, plaintiff may choose one single defendant and set forth as many claims as he has against him or her.

Plaintiff must prepare the amended complaint using a Court-provided form. In the "Caption" section of the form complaint, plaintiff should write the name of the defendant(s) he wishes to sue. In the "Statement of Claim" section, plaintiff should begin by writing the defendant's name. In separate, numbered paragraphs under that name, plaintiff should: (1) write the factual allegations supporting his claim against that defendant; (2) state what constitutional or federal statutory right(s) that defendant violated; and (3) state whether the defendant is being sued in his/her individual or official capacity.[1] If plaintiff is suing more than one defendant, he should do the same thing for each one. Plaintiff should not include extraneous matter or legal conclusions. Plaintiff should type, or very neatly print, the amended complaint.

Plaintiff must file an amended complaint within twenty-one (21) days of the date of this Memorandum and Order. The amended complaint will completely replace the original. *E.g., In*

---

[1] The failure to sue a defendant in his or her individual capacity may result in the dismissal of that defendant.

*re Wireless Telephone Federal Cost Recovery Fees Litigation,* 396 F.3d 922, 928 (8th Cir. 2005).

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff must pay an initial filing fee of $1.00 within twenty-one (21) days of the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) the statement that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that plaintiff shall submit an amended complaint in accordance with the instructions set forth herein within twenty-one (21) days of the date of this Memorandum and Order.

**IT IS FURTHER ORDERED** that the Clerk of Court shall mail to plaintiff a blank Prisoner Civil Rights Complaint form. Plaintiff may request additional forms as needed.

**If plaintiff fails to timely comply with this Memorandum and Order, the Court may dismiss this action without prejudice and without further notice.**

_____
ABBIE CRITES-LEONI
UNITED STATES MAGISTRATE JUDGE

Dated this 26th day of September, 2017.